CASE 9—PETITION EQUITY—DECEMBER 19.

## Louden, &c., v. Yager.

APPEAL FROM HENRY CIRCUIT COURT.

HOMESTEAD—MISTAKE IN VALUATION.—Where appraisers have, by either fraud or mistake, undervalued the land set apart to a debtor as a homestead, a subsequent creditor, no party to the former proceeding, has the right to have such undervaluation corrected, and to have, by judgment of a court of equity, so much of the land as exceeds one thousand dollars in value subjected to his debt.

WM. CARROLL, J. T. BASHAW FOR APPELLANTS.

1. The homestead as first set apart is to be conclusively held as worth no more than one thousand dollars, unless it be shown that such valuation was the result of fraud or a material mistake. An *honest* error of judgment will not avail. (Lawrence v. Edelin, 6 Bush, 55; Knight v. Whitman, 6 Bush, 52.)
2. The mistake complained of is not a material one, as the valuers say it did not and could not have affected their valuation.
3. There can be no reassignment of the homestead, though it may have increased in value. (Kenley v. Bryan, 110 Ill., 652; Hardy v. Lane, 6 Lea, 379; Bassett v. Messner, 36 Tex., 604.)
4. If not held conclusive, the allotment should at least be presumed to be correct, as it is the act of an officer in the discharge of his duty.
5. When the court orded a new allotment it should have permitted the debtor to select such part of the land as he desired.

JOHN D. CARROLL FOR APPELLEE.

1. A debtor is not entitled, as against any creditor, to more than one thousand dollars' worth of property as a homestead, and when homestead is allotted any creditor not a party to the allotment can subject the excess over one thousand dollars, *provided* the persons who made the allotment were mistaken as to the quantity or value of the prop-

Louden, &c., v. Yager.

erty allotted, and, in fact, allotted property by mistake of more value than one thousand dollars, or if the property, since the allotment, has increased in value so as to be worth more than one thousand dollars.

2. If appellant did not select his homestead, or if he wished to object to the allotment made by the commissioners, he should have objected to the confirmation of their report, and, failing in this, he can not now complain.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1885 Brannin, Brand & Glover, having judgment against appellant, caused execution issued and levied on a tract of land containing one hundred and ninety-six acres, but there was set apart to him as a homestead what was supposed and reported by the appraisers to be seventy acres of the tract, including the dwelling-house and appurtenances, of the value of one thousand dollars. Afterwards, appellee having a judgment against appellant, upon which an execution was issued and returned no property found, instituted this action in equity, praying judgment subjecting to satisfaction of his debt so much of the land so previously set apart as a homestead as exceeded in value one thousand dollars. The ground upon which he asked relief is, that the appraisers mentioned had made a mistake in both the quantity and value of land so set apart to appellant as a homestead, there being one hundred and seven instead of seventy acres, worth two thousand dollars instead of one thousand dollars.

It appears that before this action was commenced appellant had conveyed the homestead to one Collins for the recited consideration of two thousand dollars, for the purpose of having the title conveyed to his, appellant's, wife, which had not, however, been done, and judgment was asked canceling the deed to him.

By the judgment appealed from, forty acres of the tract, estimated by the first appraisers as seventy acres, was set apart to appellant as a homestead, and the residue subjected to satisfaction of appellee's debt, and the deed to Collins canceled, as prayed for in the petition. By actual survey the tract was found and reported by the appraisers to court to contain ninety-eight acres, and the forty acres, including the dwelling-house and appurtenances, to be of the value of one thousand dollars.

No exception was taken to the report of the appraisers made to court; nor does it appear appellant exercised or claimed the right given by section 10, article 13, chapter 38, General Statutes, to select the part of the ninety-eight acres which he desired set apart as a homestead, and consequently the appraisers were bound, as provided in section 9, to set apart the land on which were the dwelling-house and appurtenances.

We think the evidence is not sufficient to show the appraisers made an error in the value put upon the forty acres, but tends to sustain their report. Collins does not state he paid any thing for the land or has any interest in it, and does not now complain of the judgment divesting him of the legal title.

The policy and purpose of the statute, as indicated by the language used in section 9, is to exempt from coercive sale so much land as shall not exceed in value one thousand dollars; and whenever it is made to appear that appraisers, whether selected for the purpose by a sheriff having an execution in his hands levied on land, or appointed by the court, have, by either

fraud or mistake, undervalued the land set apart to a debtor as a homestead, a subsequent creditor, no party to the former proceeding, has the right to have such undervaluation corrected, and, by judgment of a court of equity, so much of the land as exceeds one thousand dollars in value subjected to his debt. Whether in any case a previous allotment of land as a homestead can be disturbed on any other ground it is not necessary to now decide.

Judgment affirmed.